ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER P. MCGIRT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-038 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 19.) After thorough consideration of the grounds of error alleged in Plaintiff's briefing, the Magistrate Judge recommended that the Acting Commissioner's final decision be affirmed because it was based on substantial evidence. (Doc. no. 17.) Plaintiff objected to the R&R, claiming that both the ALJ's decision and the R&R failed to follow criteria listed in the Diagnostic and Statistical Manual of Mental Disorders (4th Ed.) ("DSM-IV") for determining deficits in adaptive functioning. (Doc. no. 19) The ALJ is not required to follow the guidelines set forth in the DSM-IV when determining deficits in adaptive functioning. See Cammon v. Astrue, No. CIV.A.3:08-CV-0131, 2009 WL 3245458, at *11 (N.D. Ga. 2009) ("Although the language of Listing 12.05 closely tracks the diagnostic criteria for mental retardation found in the Diagnostic and Statistical Manual of Mental Disorders (American Psychiatric Association 4th ed. 1994) ("DSM-IV"), there are

differences between the two.") The diagnostic criteria in the mental disorders listings are not confined to the analysis in the DSM-IV. (Id.) Thus, whether a Plaintiff meets the DSM-IV definition of mental retardation is not dispositive. (Doc. no. 17, p. 11.)

Judicial review of social security cases is narrow and limited to whether the Commissioner's findings are supported by substantial evidence, and whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Here, as detailed in the R&R, there is substantial evidence to support the Commissioner's factual findings, including his finding that Plaintiff does not have deficits in adaptive functioning and does not meet Listing 12.05. (Doc. no. 17.)

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **AFFIRMS** the Acting Commissioner's final decision, **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of the Acting Commissioner.

SO ORDERED this ___ day of August, 2015, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2